NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIAM KRUEGER, PETITIONER, v. MERCHANTS TRANS-
PORTATION, INC. (EDWARD J. PRAGLER), RESPOND-
ENT.

Decided May 12, 1941.

For the petitioner, *Peter Kay.*

For the respondent, *Ernest Scuorzo.*

\*       \*       \*       \*       \*       \*       \*

The respondent, Merchants Transportation, Inc., admits
by way of answer notice and employment but contends such
employment was casual. They further deny the wages as
alleged and that petitioner suffered any disability either tem-
porary or permanent. This answer further denys employ-
ment by Edward J. Pragler individually.

\*       \*       \*       \*       \*       \*       \*

At the first hearing petitioner testified as to the accident
stating that while adjusting some packages on truck which
he was driving he caught his foot in a canvass and fell from
the truck to the pavement. He lay on the curb for a short
time, was dazed and had severe pains in his chest. He drove
truck back to respondent's place of business in Newark and
notified one Mr. Pragler, president and manager of the
respondent corporation. No medical aid was offered him and
he went home. The pain became intense and that same eve-
ning he went to Newark City Hospital where he was exam-

ined by Dr. Cappiello who strapped petitioner and ordered him to return for X-rays.

X-rays of petitioner were taken October 14th, 1940, reflecting fractures of the ninth, tenth and eleventh ribs on the left side.

Petitioner subsequently was treated by Dr. Max Kummel who discharged him December 14th, 1940.

Petitioner alleges that on day of accident he was paid on the basis of $4 per day and that customary number of working days per week was six.

Dr. Kummel testified as to the treatment he rendered and was of the opinion that petitioner as the result of the accident suffered a permanent disability of 10% of total. Petitioner's wife testified as to period he was out of work.

The respondent corporation produced as its witness Mr. Pragler, its president and manager. He testified that petitioner was hired during a strike; that employment was only temporary and would not exceed one week. He further testified that earning of petitioner would not exceed $15 per week. The schedule of pay of respondent as testified by witness was $4 per day for driving and $2.50 per day as a helper.

A Mr. Spearer who is employed by respondent corporation corroborated Mr. Pragler's testimony as to job being of a temporary nature and not to exceed one week.

On February 17th, 1941, Dr. Cappiello appeared and testified as to the examination made by him on October 11th, 1940, and the treatment given. His opinion was that petitioner's injury was of a temporary nature only and would not exceed four to six to eight weeks.

Briefs were submitted by both sides as well as memorandum relative to alleged erroneous statements in petitioner's brief.

Questions at issue are:

1. Employment.

2. Rate.

3. Disability.

The determination of the last two are governed by my determination of the first. Was the employment of the petitioner "casual" as defined by the act and interpreted by our appellate courts? The testimony of both petitioner and respond-

ent's witnesses as to the period for which petitioner was hired is in conflict.

The petitioner testified that it was his understanding that he was hired without stipulation as to duration of job.

Respondent's, through its president, testimony is that the petitioner was hired for one week as a strike was in progress and a regular employe was absent for that week. This is corroborated by an employe of said respondent.

There appears to be some confusion by the respondent as to the definition of temporary employment and casual employment. They are not synonymous. One can be a temporary employe and still come within the realm of the act. Casual employment is defined, if in connection with employer's business, as employment the occasion for which arises by chance or is purely accidental or if not in connection with any business of the employer, as employment not regular, periodic or recurring.

Analyzing the contract of hire we find that same was in connection with employer's business. From the cases, and there are many in that instance, it must be chance or purely accidental. Employment brought about by a strike or due to leave of absence does not in my opinion bring same within the category of "chance" or "accident."

Considering the testimony as well as the holding of our appellate court, I am ruling that petitioner does not come within that employment excluded from the act defined as casual but is entitled to the benefits of the act where the relationship of employer and employe exists which it did in this case.

As to the rate. There is no question that petitioner on the day of the accident was earning four dollars ($4) per day and that the customary number of working days per week was six (6). He was not a piece worker, therefore, that provision relative to the average earning for six months previous or if not employed for that period then for the period employed does not apply.

The act specifically states that the wage is based upon that sum injured workman was receiving at time of accident exclusive of overtime. Here there is no question of overtime.

Therefore, based upon the rate of four, dollars ($4) per day, six (6) days per week the wage would be twenty-four dollars ($24) per week and the compensation rate sixteen dollars ($16) per week. I am so holding.

As to the disability. Stress is laid upon the testimony of Dr. Cappiello who examined the petitioner on the evening of the accident and treated him on one occasion. In his opinion there would be a period of temporary from four to eight weeks and no permanent disability would follow. He did not examine petitioner again. While this doctor did testify for petitioner, and I do not question his sincerity or honesty, yet same was based upon conjecture. To offset his testimony, we have that of Dr. Kummel who subsequently treated and examined petitioner discharging him on December 14th, 1940.

Petitioner had fractures of the ninth, tenth and eleventh ribs on the left side. When discharged he had certain permanent disability including restriction of respiration. Dr. Kummel estimated same as 10% of total.

From my experience alone in the determination of these cases, it is a well established fact that fractures of three ribs leaves some residual abnormalities.

I am, therefore, awarding compensation in favor of petitioner and against respondent, Merchants Transportation, Inc.

\*     \*     \*     \*     \*     \*     \*

As to Edward J. Pragler, individually, there being no testimony that petitioner was in his employ in that capacity petition is dismissed.

\*     \*     \*     \*     \*     \*     \*

JOHN C. WEGNER,
*Deputy Commissioner.*